Colin M. Thompson, Esq.
Law Offices of Colin M. Thompson
J.E. Tenorio Building
PMB 917 Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0776

*Attorney for Plaintiff*

F I L E D
Clerk
District Court

MAR 23 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| GERI L. WILLIS,<br><br>    Plaintiff,<br><br>vs.<br><br>NORTHERN MARIANAS COLLEGE<br>and DOES I – V.<br><br>    Defendants. | CIVIL ACTION NO. 07-0014<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff alleges:

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practice on the basis of age and Title VII of the Civil Rights Acts of 1964 to make whole and to provide appropriate relief to Ms. Geri L. Willis. As alleged below, the defendant, Northern Marianas College subjected the claimant to discrimination based on age and to retaliation for making an earlier complaint.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 7(b) of the Age Discrimination in Employment Act of 1967, amended, 29 U.S.C. § 621, et seq.(The "ADEA"), which incorporates by reference Section 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S. C. and §§706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5 (f)(1) and (3) ("Title VII") and §102 of the Civil Rights Act of 1991, 42 U.S.C. §§1981a.

2. The employment practices alleged to be unlawful were and are now being committed in Saipan, Commonwealth of the Northern Mariana Islands ("CNMI"), within the jurisdiction of the United States District Court for the Northern Mariana Islands.

## PARTIES

3. Plaintiff, Ms. Geri L. Willis, is a citizen of the United States and during all times relevant to this complaint was domiciled in the CNMI.

4. At all relevant times, Defendant, Northern Marianas College, has its principal place of business in Saipan and has continuously being doing business in Saipan and has continuously had at least 15 employees.

5. At all relevant times, Defendant was continuously an employer engaged in an industry affecting commerce within the meaning of § 11(b), (g) and (h) of the ADEA, 29 U.S.C. § 630(b), and§§701(b), (g) and (h) of Title VII, 42 U.S. C. & 2000e(b), (g) and (h).

6. Except as described herein, the true names of the defendants sued as Does I through V ("Does") are presently unknown and Plaintiff therefore sues these defendants by such fictitious names. These defendants aided or abetted, received the benefits of, or participated with Defendants and others

in the wrongful acts and course of conduct, or otherwise caused the damages sought herein and are responsible for the acts, occurrence and events alleged in this Complaint. Plaintiff reserves the right to amend this complaint to allege their true names and capacities when ascertained.

## VIOLATION OF CIVIL RIGHTS

7. More than thirty days prior to the institution of this lawsuit, Geri L. Willis filed charges of discrimination with the Equal Employment Opportunity Commission alleging violations of ADEA Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least August 2005, Defendant Employer has engaged in unlawful practices at its Saipan facility, in violation of Section 4 of the ADEA, 29 U.S.C. § 623. These practices include subjecting Plaintiff to discrimination on the basis of her age by depriving her of employment benefits given to other employees because of her age.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her age.

10. The unlawful employment practices complained of in paragraph 8 above were intentional within the meaning of the ADEA.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Plaintiff who was discriminated against on the basis of her age.

//

//

**RETALIATION**

12. Plaintiff incorporates herein the allegations of paragraph 1 through 11 by reference as if set forth here in full.

13. Plaintiff engaged in or was engaging in an activity protected under Federal law, that is protesting discriminatory practices of Defendant.

14. Defendant subjected the Plaintiff to an adverse employment action, that is, Plaintiff was constructively discharged and/or Defendant failed to hire Plaintiff.

15. Plaintiff engaging in the protected activity was the cause for Defendant subjecting Plaintiff to the adverse employment action.

16. Defendant's retaliatory actions were done with malice or with reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff Demands a Trial by Jury and prays for Judgment as follows:

1. Grant a permanent injunction enjoining Defendant from engaging in discrimination on the basis of age and any other employment practice which discriminates in violation of Title VII or the ADEA.

2. Order Defendant Employer to make whole Plaintiff who was discriminated against on the basis of age by providing appropriate back-pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practice.

3. Order Defendant Employer to make whole Plaintiff who was discriminated against on the basis of age by providing compensation for past and future pecuniary losses resulting

from unlawful employment practices described in paragraph 8 above, including medical expenses not paid by the employer, in amounts to be determined at trial.

4. Order Defendant Employer to make whole Plaintiff who was discriminated against on the basis of age by providing compensation for past and future non-pecuniary losses resulting from unlawful employment practices.

5. Order Defendant Employer to pay Plaintiff for punitive damages for its malicious and reckless conduct in amounts to be determined at trial.

6. For reasonable attorneys fees incurred;

7. For costs of suit incurred;

8. For such and further relief as the court may deem proper.

Respectfully submitted this 23rd day of March, 2007.

_____
COLIN M. THOMPSON, ESQ.
Attorney for Plaintiff